IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven L. Hewitt, *also known as* Steven Lee Hewitt, Sr., *also known as*, Steven Lee Hewitt, *also known as*, Steven Hewitt, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Cpl. Bouch, )<br>)<br>Defendant. )<br>_____ ) | C/A No.  0:15-721-MGL-PJG<br><br><br><br>**ORDER** |

    This is a civil action filed by a state prisoner.  Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court).  Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

    By order issued on March 25, 2015 the court allowed Plaintiff an opportunity to bring this case into proper form for initial review.  (ECF No. 14.)  Plaintiff complied with the court's order.

**PAYMENT OF THE FILING FEE**:

    By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350.[1]  *See* 28 U.S.C. § 1914.  This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code.  *See* 11 U.S.C. § 523(a)(17).  The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available.  *See* 28 U.S.C. § 1915(a), (b).  As the court grants Plaintiff permission to proceed *in forma pauperis* below, **the agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full $350 filing fee is paid.**  *See Torres v. O'Quinn*, 612 F.3d 237, 252 (4th Cir. 2010) ("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

---

[1] Effective May 1, 2013, an administrative fee of $50 is added to the filing fee of $350.  The $50 administrative fee, however, is not applicable to *in forma pauperis* cases.



Plaintiff has submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 240) and a Financial Certificate, which are construed as a Motion for Leave to Proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1), (2). A review of the Motion reveals that Plaintiff does not have the funds to pay the first installment of the filing fee. Therefore, the amount due from Plaintiff is currently $350.

Plaintiff's Motion for Leave to Proceed *in forma pauperis* is granted. (ECF No. 16.)

**TO THE CLERK OF COURT**:

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A. Therefore, the Clerk of Court shall ***not*** issue the summons or forward this matter to the United States Marshal for service of process at this time.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 4, 2015
Columbia, South Carolina