IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Steven L. Hewitt, *also known as* Steven Lee Hewitt, Sr., *also known as*, Steven Lee Hewitt, *also known as*, Steven Hewitt, | ) ) ) ) | C/A No.  0:15-721-MGL-PJG |
| Plaintiff, | ) ) | **REPORT AND RECOMMENDATION** |
| v. | ) ) | |
| Cpl. Bouch, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

The plaintiff, Steven L. Hewitt, a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff is an inmate at Lieber Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.  The court further concludes that Plaintiff's motion for a preliminary injunction (ECF No. 3) should be denied.

I.    **Factual and Procedural History**

Plaintiff states that he is housed in the special management unit and is allowed to request photocopies of legal cases three times per week.  (ECF No. 1 at 3.)  Plaintiff alleges that he returned the wrong photocopied cases on January 14, 2015 and was charged with stealing, for which he received the sanction of "counseling" on January 16, 2015.  (Id.; see also ECF No. 1-1 at 2.)  Plaintiff states that he returned the correct photocopied cases; however, Defendant Bouch, the prison librarian, allegedly advised Plaintiff on January 28, 2015 that he would be placed on six months of

restriction from legal resources to include legal books and cases. (ECF No. 1 at 3-4.) Plaintiff claims that he has three cases to file in state court "between 2-7-15 and 3-29-15, before the statute of limitations expire" and one case to file in the South Carolina Court of Appeals. (Id. at 4.) Plaintiff, who seeks monetary damages and injunctive relief (id. at 6), also filed a motion for a preliminary injunction (ECF No. 3).

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of



a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## B.    Analysis

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege:



(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

###    i.    Failure to Exhaust Administrative Remedies

As an initial matter, it is clear from the face of the Complaint that Plaintiff filed this case prematurely, before exhausting the South Carolina Department of Corrections' administrative remedy process.[1]  The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Hicks v. James, 255 F. App'x 744, 747 (4th Cir. 2007) ("The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing any action under federal law with respect to confinement."). The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

While a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense and not a jurisdictional infirmity, Jones v. Bock, 549 U.S. 199 (2007), if the lack of exhaustion is apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service

---

[1] Plaintiff signed the Complaint on February 16, 2015, less than one month after the January 28, 2015 incident giving rise to this action.  (ECF No. 1 at 3, 6.)



of the complaint is appropriate. See <u>Anderson v. XYZ Corr. Health Servs., Inc.</u>, 407 F.3d 674, 683 (4th Cir. 2005); <u>see also</u> <u>Moore v. Bennette</u>, 517 F.3d 717, 725 (4th Cir. 2008); <u>Eriline Co. S.A. v. Johnson</u>, 440 F.3d 648, 655-56 (4th Cir. 2006). As it is clear from the face of the pleading that Plaintiff submitted the instant case prior to exhaustion of his administrative remedies, the Complaint is subject to summary dismissal. However, as discussed below, the Complaint is also subject to summary dismissal for Plaintiff's failure to state a claim under any of the constitutional provisions cited.

### ii.    First Amendment Claim

Inmates "have a constitutional right of access to the courts." <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977). However, to succeed on a denial of court access claim, inmates are required to demonstrate an impediment to the pursuit of a nonfrivolous legal claim. See <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996) ("It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts."). Further, an inmate must allege specific injury resulting from the alleged denial of court access. See <u>Lewis</u>, 518 U.S. at 349; <u>Strickler v. Waters</u>, 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that a prisoner must "show specific harm or prejudice from the allegedly denied access").

In the present case, the Complaint speculates that Defendant Bouch's actions could prejudice Plaintiff's ability to file future cases in state court. However, the Complaint fails to allege sufficient factual information to show that Plaintiff's restriction from legal books and cases would actually prevent him from filing in state court. Further, the Complaint fails to allege facts to show that any civil action has been impeded or negatively impacted by Plaintiff's placement on legal resource restriction. As such, Plaintiff fails to allege a plausible claim under the First Amendment for denial



of court access.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (holding that the "[f]actual allegations must be enough to raise a right to relief beyond the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible").

### iii.     Fourteenth Amendment Claim

"To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination."  Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).  Further, when equal protection challenges arise in the prison context, the level of scrutiny must be adjusted "to ensure that prison officials are afforded the necessary discretion to operate their facilities in a safe and secure manner."  Veney v. Wyche, 293 F.3d 726, 732 (4th Cir. 2002).

The instant Complaint alleges that the defendant denied Plaintiff equal protection by restricting his access to legal books and cases.  However, Plaintiff provides no facts to show that he was treated differently from any other similarly situated inmate.  In fact, Plaintiff provides the name of another inmate whom Defendant Bouch allegedly sanctioned in the same manner as Plaintiff. (ECF No. 1 at 2.)  Plaintiff also fails to provide any factual allegations to show that the imposed restriction is the result of intentional or purposeful discrimination.  Therefore, Plaintiff's equal protection claim is subject to summary dismissal.

**III.    Conclusion and Recommendation**

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process.  The court further recommends that Plaintiff's motion for a preliminary injunction (ECF No. 3) be denied.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 4, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).